MARY ANN LOGAN, f. w. c., *v.* P. T. HICKMAN and H. M. ROBERTSON.

The general rule is, that the defendant must be sued at the place of his domicil or usual residence, and a suit for freedom has not been made by the lawgiver an exception to this rule.

To obtain a sequestration, both an affidavit and bond are required, and the lawmaker has made no exception in favor of negroes held in slavery, who may sue for their freedom.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *Semmes & Labatt*, for plaintiff and appellee. *A. N. Ogden & Stansbury*, for *Hickman*, appellant. *J. & E. Bermudez*, for *Robertson*.

LAND, J. The plaintiff sues the defendant for the recovery of her freedom, and caused herself to be sequestered on the affidavit of her attorney and *without giving bond*.

The defendant filed the following exception:

"Now comes *Peter T. Hickman*, the defendant, and excepts to this action brought against him and for cause shows: that this respondent is a citizen of the State of Louisiana, *having his domicil in the parish of Rapides*, and is not subject to the jurisdiction of this honorable court; wherefore respondent asks that this exception may be sustained, plaintiff's petition dismissed, and defendant hence dismissed."

On the trial of the exception, the residence of the defendant was admitted to be in the parish of Rapides, as alleged.

The exception was overruled, and the defendant took a rule to show cause why the writ of sequestration issued herein should not be set aside on the following grounds:

*First.*—That the sequestration is unauthorized by law.

*Second.*—That there is neither bond nor affidavit as required by law.

The rule was discharged and the defendant answered to the merits, reserving the benefit of the exception by him filed.

There was judgment for the plaintiff, and the defendant has appealed.

The District Judge erred in overruling the exception to the jurisdiction of the court. The general rule is, that the *defendant must be sued at the place of his domicil, or usual residence*, and a suit for freedom has not been made by the lawgiver an exception to this rule. C. P. 89, 162, 163, 164. It has already been decided by this court, that a negro held in slavery, who sues for his freedom, must

sue his master, or the person holding him in slavery, at the place of his domicil or usual residence.

This decision is not only founded on express legislation, but also in considerations of public policy, and cannot be departed from, by reason of the hardship which may result from the application of the rule in any particular case.

The District Judge also erred in discharging the rule to set aside the writ of sequestration. To obtain the conservatory process of sequestration, *both an affidavit and bond are required*, and the lawmaker has made no exception in favor of negroes held in slavery, who may sue for their freedom, and the courts have no authority to make any such exception. C. P. 276.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed; the verdict of the jury be set aside, and that this suit be dismissed, with costs in both courts, without prejudice to plaintiff's right of action at the domicil of defendant.

Re-hearing refused.

VOORHIES, J., absent.